```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/7/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

RICHARD NEAL,

                Petitioner,

        -v-

YELICH,

                Respondent.

------------------------------------------------------------------X

12 Civ. 3022 (JMF)

MEMORANDUM
OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

Petitioner Richard Neal ("Petitioner"), appearing *pro se*, brings this petition for the writ of habeas corpus ("Petition" or "Pet."), pursuant to Title 28, United States Code, Section 2254, challenging his conviction of criminal possession of a weapon (namely, a "gravity knife") in the third degree under New York Penal Law § 265.02(1). (Docket No. 2). Petitioner argues that the state court erred in (1) denying his motion to suppress the gravity knife on the ground that it was seized in violation of the Fourth Amendment and (2) instructing the jury that it could convict if it found that he knowingly possessed a knife, and need not find that he knew it was a gravity knife. (Pet. at 5). For the reasons stated below, the Petition is DENIED.

## BACKGROUND

This case arises from Petitioner's arrest on June 11, 2008. On that date, Petitioner was walking outside the LaGuardia housing development in Manhattan, when plainclothes New York Police Department Officer Richard Dixon saw what he thought was the top of a knife clipped to Petitioner's pocket. (Resp't's Mem. of Law 4 (Docket No. 10)). Officer Dixon asked Petitioner what was in his pocket, and Petitioner replied that it was a knife. (*Id.*). Based on his experience

and training, Officer Dixon suspected that the knife was a gravity knife (that is, a knife that opens when the user flicks his wrist and causes the blade to lock into place as a result of gravity or centrifugal force), which are illegal in New York. (*Id.*). Officer Dixon then pulled the knife from Petitioner's pocket, confirmed it was a gravity knife by flicking it open, and arrested Petitioner. (*Id.*).

Petitioner was indicted for criminal possession of a weapon in the third degree in New York Supreme Court. On November 18, 2008, that Court held a suppression hearing with respect to both Petitioner's statements to the police and the gravity knife itself. (*Id.* at 2-3). At the close of the hearing, the Court denied Petitioner's motion to suppress, finding that Officer Dixon's testimony was credible and that he had had reasonable suspicion to believe that Petitioner had been carrying a gravity knife. (*Id.* at 5). Thereafter, Petitioner was tried before a jury. At the close of the trial, the trial court instructed the jury, over Petitioner's objection, that it could find Petitioner guilty if it found that he knowingly possessed a knife, and did not need to find that he knew it was a gravity knife in particular. (*Id.* at 17). The jury returned a guilty verdict on December 4, 2008. (*Id.* at 7). Thereafter, the Court sentenced Petitioner, as a second felony offender, to three to six years' imprisonment. (*Id.*).

Petitioner appealed his conviction on three grounds, including the two raised in his present habeas petition. (Tarr Decl. Ex. B (Docket No. 9)). On December 14, 2010, the Appellate Division unanimously rejected Petitioner's arguments and affirmed his conviction. *See People v. Neal*, 913 N.Y.S.2d 192 (App. Div. 1st Dep't 2010). To the extent relevant here, the Appellate Division rejected the Fourth Amendment claim on the ground that Officer Dixon "had, at least, a reasonable suspicion to believe that [Petitioner] possessed an illegal weapon, justifying a stop, and reasonable safety concerns warranted the officer's removal of the knife

from [Petitioner's] pocket." *Id.* at 194 (citations omitted). With respect to Petitioner's challenge to the jury instructions, the Appellate Division held that the trial court properly instructed the jury that Petitioner "need only know that he possessed a knife in general, and did not need to know that the knife met the statutory definition of a gravity knife." *Id.* The New York Court of Appeals denied Petitioner leave to appeal on February 18, 2011. *See People v. Neal*, 16 N.Y.3d 799 (2011).

## DISCUSSION

To obtain habeas relief, a petitioner must establish that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent. 28 U.S.C. § 2254(d); *see Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).[1] A state court decision is "contrary to" clearly established federal law if it "'applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.'" *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). A state court decision involves an unreasonable application of clearly established federal law if it "applie[s] [that law] to the facts of [the] case in an objectively unreasonable manner," *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002), or if it "unreasonably extends a legal principle from [the Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply," *Williams*, 529 U.S. at 407.

---

[1] Alternatively, a petitioner may obtain habeas relief by showing that the state court's decision was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). In the present case, Petitioner has made no effort to make such a showing.

Applying this "highly deferential" standard here, *Cullen,* 131 S. Ct. at 1398, there is plainly no basis to grant Petitioner relief. First, with respect to Petitioner's Fourth Amendment claim, the law is clear that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 482 (1976). To prevail on a habeas petition based on a Fourth Amendment claim, therefore, a petitioner must prove either that the state "has provided no corrective procedures at all to redress the alleged fourth amendment violations" or that, if a corrective mechanism exists under state law, the "defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992).

In this case, Petitioner does not, and could not, argue that New York State fails to provide a corrective mechanism, as "the federal courts have approved New York's procedure for litigating Fourth Amendment claims, embodied in [New York Criminal Procedure Law], as being facially adequate." *Id.* at 70 n.1 (internal quotation marks omitted); *see also Daily v. New York*, 388 F. Supp. 2d 238, 249 (S.D.N.Y. 2005) (finding that New York has provided a sufficient corrective mechanism). Petitioner also makes no argument (and the Court finds nothing in the record) that would indicate that the proceedings in this case did not follow the procedures required by New York law. There is certainly nothing in the record which would indicate a "breakdown in the underlying process," let alone an "unconscionable" one. *Capellan*, 975 F.2d at 70. In light of *Stone*, therefore, Petitioner's first claim is easily rejected.

Petitioner's second claim, challenging the trial court's instructions to the jury, fares no better. To obtain habeas relief on the basis of an error in jury instructions, a petitioner must

show "not only that the instruction misstated state law but also that the error violated a right guaranteed to him by federal law," *Davis v. Strack*, 270 F.3d 111, 123 (2d Cir. 2001) (internal quotation marks omitted), and that the error "so infected the entire trial that the resulting conviction violates due process," *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (internal quotation marks and citation omitted); *see also Davis*, 270 F.3d at 123 ("[W]e may not grant habeas relief for a 'mere error of state law.'" (quoting *Blazic v. Henderson*, 900 F.2d 534, 541 (2d Cir. 1990))).  Petitioner cannot do so here, as the trial court's instructions in this case were consistent with both New York precedent, as the Appellate Division held, *see Neal*, 913 N.Y.S.3d at 194 (citing *People v Wood*, 869 N.Y.S.2d 401, 410 n. 5 (App. Div. 1st Dep't 2008), and *People v Berrier*, 637 N.Y.S.2d 69 (App. Div. 1st Dep't 1996)), and, more to the point, the dictates of due process, as "[s]tates are free to define the elements of . . . crimes" without violating an individual's constitutional rights.  *Davis*, 270 F.3d at 123.

## CONCLUSION

For the foregoing reasons, the Petition is DENIED.  Additionally, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253; *see also Lozada v. United States*, 107 F.3d 1011, 1014-16 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997).  Finally, the Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this decision would not be taken in good faith, so *in forma pauperis* status is denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to close the case and to mail a copy of this Memorandum Opinion and Order to the Petitioner.[2]

SO ORDERED.

_____
JESSE M. FURMAN
United States District Judge

Dated: December 7, 2012
      New York, New York

---

[2] Petitioner submitted a letter to the Court, dated October 10, 2012, inquiring about the appointment of counsel. (Docket No. 11). In light of the Court's decision, any such application is moot. Additionally, it is well established that "[t]here is no constitutional right to representation by counsel in habeas corpus proceedings" and that "[c]ounsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor." *Williams v. Breslin*, 06 CV 2479 (SJF), 2008 WL 163599, at *1 (E.D.N.Y. Jan. 10, 2008) (citing *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993) and *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001)) (internal quotation marks omitted).